UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

GREENBELT DIVISION

**JOHN HILL**

23564 Gunnel Dr.

Leonardtown, MD 20650

**RESPONDENT**

V.                                                                    CASE NO. RWT 13-524

**WILMINGTON FINANCE, INC.**

401 Plymouth Road, Ste. 400

Plymouth Meeting, PA 19462

**COMPLAINANT**

### MOTION CRAVING OYER

COMES NOW the Respondent, John Hill, to plea with this Court to compel the Complainant to produce proof of its case in the above-styled action. The Complainant makes several claims in this case that aim to prove its stance that it is rightfully entitled to collect this debt. While it is not the intention of the Respondent to dispute that a debt exists, it is his intention to question who legally owns said debt. The documents, depositions and affidavits listed in this Motion will clarify the matter once and for all making it clear whether the Complainant has the legal ability to collect, or, if it must withdraw from collection actions. As

such, the Respondent hereby presents this Motion Craving Oyer to the Court in order to bring clarity to the case at hand so a proper judicial determination can be made.

1. LETTER FROM CLAIMANT NATIONSTAR 3/13/2012 (see Exhibit A, Attached)

    A. The Claimant has stated that it has conformed with 12U.S.C.§2605 in its administrative answers to correspondence from the Respondent. However, the aforementioned statute ,specifically section (b)(1), does state that each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person. In this case, Countrywide (which is one of the Claimants in this case) went out of business and was purchased by Bank of America on July 1st, 2008. The loan in question was not in default at that time, therefore the time extension in section (b)(2)(B) does not apply here. Thus, Countrywide was obligated to notify the Respondent no less than 15 days BEFORE the completion of the transfer of assignment of this loan.

    B. The Respondent does believe and does hereby allege that the Complainant has no information to the dispute the claim made in #1 above that it (the Complainant) did comply with said statute. However, if the Complainant does possess proper documentation in the form of a dated notice along with a Certified Mail receipt from the United States Postal Service to prove that it complied with the notification timing in 12U.S.C.§2605(b)(2)(A).

    C. Furthermore, the Complainant cites the requirements of 12U.S.C.§2605(i)(3) in the letter marked Exhibit A. This section of the aforementioned statute simply defines the term servicing, it does not outline the information required to be provided upon

demand as alleged by the Complainant in that letter. Thus, the information demanded by the Respondent in his Qualified Written Request to the Complainant must still be provided pursuant to the very statute which the Complainant wrongfully quotes in its defense against such demands. Said demands are repeated in the Respondent's Quiet Title Complaint (see Exhibit B, Attached).

2. RESPONDANT'S QUIET TITLE COMPLAINT

   A. The Respondent does hereby plea with this Court to Order the Complainants to provide the following documents cited in the aforementioned Quiet Title Complaint as proof of proper and legal ownership of this debt.
      1. The original, wet signature Promissory Note.
      2. The original, wet signature Deed of Trust.
      3. A proper chain of possession and ownership which follows these documents from conception through today which would show the assignment of each Complainant and outline its ability to collect upon this debt.
      4. A legally valid and original document outlining the assignment of each Complainant which does match the land records filed in this case.
      5. A legally valid and original Pooling and Service Agreement which proves the proper securitization of this loan.
   B. The Respondent does hereby plea with the Court for an Order upon the Complainants which compels each of those entities to provide true and proper, legal documentation in the form of tax documents filed with the Internal Revenue Service proving the employment of each and every person who signed a document throughout the life of

this loan. The reason for this request to the Court is that the Respondent has been led to believe that one or more of the individuals who supposedly 'signed' these documents was not employed with any entity involved in this loan, is not a person but is instead a name made up to use in such cases which would be fraud, and/or is a person who was not employed (or was dead) at the time the signature was supposedly placed upon said documents. Proof of employment as outlined above would erase these concerns and validate the documents produced as evidence by the Complainants, if such persons exist and did indeed sign said documents by their own hand and of their own free will.

C. The Respondent does hereby plea with this Court to Order the Complainants to provide the Respondent with true, current and accurate contact information for each individual who supposedly signed and/or notarized a document connected with this loan in order for the Respondent to be able to contact said individuals for deposition which will further prove the signatures and first-hand information which these individuals supposedly hold and have sworn to in each of these documents. These depositions will validate the aforementioned documents and the claims made by each of the Complainants, if such claims are indeed true.

Respectfully submitted and signed.

*John H Hill*

John Hill (Respondent)

## VERIFICATION

I, John Hill, am the Respondent in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the State of Maryland.

*John H Hill*

John Hill (Respondent)

## CERTIFICATE OF SERVICE

I, John Hill (Respondent), do hereby swear and attest that I have delivered a copy of this filing of this document to each of the following individuals and/or entities pursuant to the laws of the State of Maryland…

1) Wilmington Finance, Inc.

401 Plymouth Rd. Ste 400

Plymouth Meeting, PA 19462


2) Nationstar Mortgage

350 Highland Drive

Lewisville, TX 75067


3) Countrywide Home Loans, Inc.

4500 Park Granada Blvd.

Calabassas, CA 91302-1613


4) CWABS, Inc.

4500 Park Granada Blvd.

Calabassas, CA 91302-1613

5)Countrywide Home Loans Servicing LP

4500 Park Granada Blvd.

Calabassas, CA 91302-1613

6)The Bank of New York Mellon

1 Wall Street, Manhattan

New York, NY 10005

7)International Mtg Co

450 N Brand Blvd Ste 150

Glendale, CA 91203

8)Wells Fargo Bank NA

420 Montgomery St

San Fransisco, CA 94104

9)Premium Capital Funding LLC

125 Jericho Turnpike Ste 400

Jericho, NY 11753

10)CIT Group/Consumer Finance, Inc.

8000 Sagemore Dr. Ste 8202

Marlton, NJ 08053

Each of these copies was delivered via USPS, certified mail, restricted delivery as demanded by the Code of Maryland, Rules of Civil Procedure on this, the __8__ day of __JUNE__ in the year 2013.

_John H Hill_
John Hill (Respondent)

## ATTACHMENTS/EXHIBITS

Exhibit A - LETTER FROM COMPLAINANT NATIONSTAR 3/13/2012

Exhibit B – RESPONDENT'S QUIET TITLE COMPLAINT