**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JOHN HILL,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 13-cv-524-RWT |
| **WILMINGTON FINANCE, INC., *et al.*,** | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

On January 14, 2013, Plaintiff John Hill filed a *pro se* Complaint to Quiet Title of Real Property against Defendants Wilmington Finance, Inc. ("Wilmington"), Nationstar Mortgage, LLC ("Nationstar"), Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing LP ("Countrywide"), CWABS, Inc., The Bank of New York Mellon, International Mtg. Co., Wells Fargo Bank, N.A., Premium Capital Funding, LLC, and CIT Group/Consumer Finance, Inc., in the Circuit Court for Charles County, Maryland. ECF No. 2. On February 15, 2013, Defendants Wilmington and Nationstar removed the action to this Court. ECF No. 1.

**BACKGROUND**

Plaintiff John Hills is "the title owner of real property" situated at 3071 Donegal Court, Waldorf, Maryland, in Charles County. Compl. ¶ 1, ECF No. 2. Hill's action appears to relate to a loan associated with his property in Waldorf. Hill alleges that Wilmington is the originator of the loan and a participant "in the imperfect securitization of the Note and/or Deed of Trust." *Id.* ¶ 12.

Countrywide is the securitization seller of the loan and a "participant in the imperfect securitization of the Note and/or Deed of Trust." *Id.* ¶ 13. CWABS is the securitization

depositor of the loan and a "participant in the imperfect securitization of the Note and/or Deed of Trust." *Id.* ¶ 14. The Bank of New York Mellon is the trustee of the loan and a "participant in the imperfect securitization of the Note and/or Deed of Trust." *Id.* ¶ 15.

Hill does not know the "duties/responsibilities of the remaining Defendants" with respect to the "loan in its current state, the Note and/or Deed of Trust." *Id.* ¶ 16. He alleges, however, that "each of the remaining Defendants has been involved in one or more of the numerous transactions where this loan, Note and/or Deed of Trust have changed hands through the life of said loan, Note, and/or Deed of Trust." *Id.*

Hill disputes "the title and ownership of the real property in question," and claims that "the originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned, and/or transferred their ownership and security interest in a Promissory Note and Deed of Trust related" to the property. *Id.* ¶ 18. He claims that the Defendants have "imperfect security interests and claims," and that the Defendants have no "legal or equitable right, claim or interest" in the property. *Id.* ¶¶ 19-22.

Hill claims that the Defendants refused to provide certain information, including the "'wet signature' contract and proof of ownership of the debt as outlined in the Fair Debt Collection Practices Act" and the Maryland Code. *Id.* ¶ 23(C). He asserts that Defendants' violation of these laws "is proper grounds for validating" his claims "of Wrongful Foreclosure and Debt Collection and granting" his "request to Quiet Title of Property and granting sole legal and physical possession of said property" to him. *Id.*

**PROCEDURAL HISTORY**

On January 14, 2013, Hill filed his Complaint in the Circuit Court for Charles County, Maryland, in Case No. 08-C-13-000113.. ECF No. 2. On February 15, 2013, Defendants

Wilmington and Nationstar removed the action to this Court. ECF No. 1. On February 28, 2013, Defendants Wilmington and Nationstar filed a Motion to Dismiss. ECF No. 7. On March 1, 2013, the Clerk of the Clerk sent a letter to Hill informing him that these Defendants had filed a Motion to Dismiss, that he had a right to file a response, and that if he did not file a timely written response, the Court may dismiss the case. ECF No. 8.

On April 4, 2013, Defendant Wells Fargo filed a Motion to Dismiss. ECF No. 11. On April 5, 2013, the Clerk of the Court mailed another letter to Hill informing him that the Defendant had filed a Motion to Dismiss and that the Court may dismiss his case if he failed to file a timely written response. ECF No. 12. On April 22, 2013, Defendants Countrywide and CWABS filed a Motion for Leave to Join the Previously Filed 12(b)(6) Motion to Dismiss, ECF No. 16, which the Court granted on April 23, 2013. ECF No. 17.

On May 22, 2013, Hill filed a Response to Removal to Federal Jurisdiction, in which he expresses that "removal from the state level to this Court is immature and improper." ECF No. 18 at ¶ 12. Defendants Wilmington and Nationstar responded to Hill's filing on June 4, 2013, ECF No. 19, and Countrywide and CWABS responded on June 5, 2013. ECF No. 20.

On July 8, 2013, Hill filed a "Motion Craving Oyer [sic]," requesting that the Court "compel [Wilmington] to produce proof of its case." ECF No. 22 at 1. Also on July 8, 2013, Hill filed a "Motion for Consideration and Judicial Determination," which suggests that removal to this Court was improper. ECF No. 23. Wilmington and Nationstar filed an Opposition to Plaintiff's "Motion Craving Oyer [sic]" on July 25, 2013. ECF No. 24. Wells Fargo also filed an Opposition to Plaintiff's "Motion Craving Oyer [sic]" on July 25, 2013. ECF No. 26.

Also on July 25, 2013, Wilmington and Nationstar, and separately, Wells Fargo, filed Oppositions to Plaintiff's Motion for Consideration and Judicial Determination. ECF Nos. 25,

27. On July 30, 2013, Countrywide and CWABS filed a Motion for Leave to Join the Previously Filed Oppositions of Defendants Wilmington Finance and Nationstar Mortgage. ECF No. 28.

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court has further articulated the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. A *pro se* plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ANALYSIS

### I. Removal

In his Motion for Consideration and Judicial Determination, Hill appears to argue that the Defendants improperly removed the case to this Court. ECF No. 23 at ¶ 6. He asserts that each Defendant was served with his Complaint on January 18, 2013, but that no Defendant responded until March 1, 2013. *Id.* at ¶ 1-3. Hill cites Maryland Rule of Civil Procedure 2-311, which provides that "a party against whom a motion is directed shall file any response within 15 days after being served with the motion." Md. Rule 2-311.

Hill's Complaint, however, is not a motion, but a pleading. *See generally* Fed. R. Civ. P. 7. Maryland Rule 2-321 provides that a "party shall file an answer to an original complaint, counterclaim, cross-claim, or third-party claim within 30 days after being served." Md. Rule 2-321(a). If the Defendants had been properly served and the matter was still in state court, this

Rule would have applied.

A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Hill filed his Complaint in the Circuit Court for Prince George's County on January 14, 2013. The Defendants assert in their Notice of Removal that removal "took place before any defendant was properly served." ECF No. 5 at ¶¶ 3-5. Nationstar received a copy of the summons and Complaint by mail on January 25, 2013. ECF No. 25 at ¶ 3. Hill has not provided proof of service with respect to any Defendant.

Removal of the substance of this action is appropriate because Hill makes claims concerning the Fair Debt Collection Practices Act, a federal statute, and therefore this Court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *id.* § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The removal is also timely because the Defendants removed the action within 30 days of receipt of Hill's Complaint. *See id.* § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

The Defendants removed this action pursuant to 28 U.S.C. § 1441(a), and therefore all defendants who had "been properly joined and served" were required "to join in or consent to the

removal of the action" for removal to be procedurally proper. *Id.* § 1446(b)(2)(A). Only two of the Defendants, Wilmington and Nationstar, filed the Notice of Removal; however, they filed the Notice "before any [D]efendant ha[d] been properly served." ECF No. 1 at ¶ 8. Accordingly, unanimous consent to removal was not required, and removal to this Court was proper. *See Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 54 (D.D.C. 2003) (noting that unanimous consent to removal is not required "where one or more of the defendants has not yet been served with the initial pleading at the time the removal petition was filed").

Further, to the extent that Hill requests that the Court remand this matter back to state court, his Motion is untimely, as there is no question as to the Court's subject matter jurisdiction, and his Motion was filed more than four months after the case was removed here. *See* 28 U.S.C. § 1447(c) (A "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"). Therefore, the Court will deny Hill's Motion for Consideration and Judicial Determination. ECF No. 23.

## II. Motions to Dismiss

Defendants Wilmington and Nationstar move to dismiss Hill's Complaint because Hill fails to allege specific facts to support a cognizable claim under state or federal law. ECF No. 7. Wells Fargo moves to dismiss on similar grounds, noting that Hill fails to sufficiently plead a cause of action against it. ECF No. 11. Defendants Countrywide and CWABS join in these Motions to Dismiss. ECF No. 17.

Hill alleges that the Defendants failed to provide him with information concerning "the 'wet signature' contract and proof of ownership of the debt as outlined in" the Fair Debt Collection Practices Act ("FDCPA"). Compl. ¶ 23(C), ECF No. 2. "To succeed on a FDCPA

claim a plaintiff must demonstrate that '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (quoting *Dikun v. Streich*, 369 F. Supp. 2d 781, 784–85 (E.D. Va. 2005)). Here, Hill fails to allege facts to support that the Defendants are "debt collectors" or engaged in debt collection activity prohibited by the FDCPA. Hill's Complaint lacks specific allegations concerning the time, dates, conduct, or actors involved in any violation of the FDCPA. His bare, conclusory allegations are insufficient to state a claim under the FDCPA. *See Montalbano v. National Arbitration Forum, LLC*, No. RWT 10cv2237, 2012 WL 3233595, at *5 (D. Md. Aug. 3, 2012) (granting a motion to dismiss where a Plaintiff's FDCPA allegations were "devoid of factual details" and made "in conclusory terms").

Hill's state law claim to quiet title also fails. A claim to "quiet title" is one where a plaintiff challenges an adverse claim on property. *See* Md. Code Ann., Real Prop. § 14-108(a) (providing that a person in possession of property "may maintain a suit in equity in the county where the property lies to quiet or remove any cloud from the title, or determine any adverse claim"); *Kasdon v. G. W. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982) ("A quiet title action is a suit in which a plaintiff seeks a decree that some allegedly adverse interest in his property is actually defective, invalid or ineffective prior to and at the time suit is brought either because the lien was invalidly created, or has become invalid or has been satisfied.").

Hill disputes "the title and ownership of the real property in question," and claims that "the originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned, and/or transferred their ownership and security interest in a Promissory Note and Deed of Trust related" to the property. Compl. ¶ 18, ECF No. 2. He asserts that the Defendants have

"imperfect security interests and claims," and that the Defendants have no "legal or equitable right, claim or interest" in the property. *Id.* ¶¶ 19-22. Hill's claims lack the particularity necessary to state a plausible cause of action to quiet title. He does not identify the nature of any defect in the Deed of Trust or his mortgage loan. Hill's allegations fail to state a claim for which relief can be granted under federal or state law, and therefore the Court will grant the Defendants' Motions to Dismiss [ECF Nos. 7, 11].

**III. Plaintiff's "Motion Craving Oyer [sic]"**

In his "Motion Craving Oyer [sic]," Hill asks the Court to compel Wilmington to "produce proof of its case," and appears to request "documents, depositions and affidavits." ECF No. 22 at 1. Hill's Motion is premature, as the Court has not issued a scheduling order and discovery has not yet commenced. *See* Local Rule 104.4 (D. Md.) ("Unless otherwise ordered by the Court or agreed upon by the parties, the conference of counsel required by Fed. R. Civ. P. 26(f) need not take place and discovery shall not commence and disclosures need not be made until a scheduling order is entered."). A motion to compel discovery cannot be made before discovery begins and a party fails to respond to discovery requests. *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). Accordingly, the Court will deny Hill's Motion Craving Oyer [ECF No. 22].

## CONCLUSION

For the foregoing reasons, the Court will grant the Defendants' motions to dismiss [ECF Nos. 7, 11], and dismiss the Complaint [ECF No. 2] without prejudice. The Court will deny

Plaintiff's Motion Craving Oyer [ECF No. 22] and Motion for Consideration and Judicial Determination [ECF No. 23]. The Court will grant the Defendants' Motion for Leave to Join the Previously Filed Oppositions of Defendants Wilmington Finance and Nationstar Mortgage [ECF No. 28]. A separate Order follows.

Date: August 29, 2013

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE